JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raj K. Patel,<br><br>PLAINTIFF(S)<br>v.<br>The University of Notre Dame Du Lac, et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>CV 23-6437-MWF (MAAx)<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☐ As explained in the attached statement, the Request is DENIED because:
  ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

October 24, 2023
Date

_____
United States District Judge

CV-73 (07/22)  ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The Court takes judicial notice of federal records available electronically and notes that Plaintiff has filed similar lawsuits across the country against Notre Dame and the United States, is the subject of at least one vexatious litigant pre-filing restriction in Indiana, and has been warned of potential sanctions in the Seventh Circuit and potential vexatious findings in other federal courts. *See Patel v. Univ. of Notre Dame du Lac*, No. 22-2251, 2023 WL 2387220, at *1 (7th Cir. Mar. 7, 2023), *corrected*, 2023 WL 2531330 (7th Cir. Mar. 16, 2023), *reh'g denied*, 2023 WL 2776765 (7th Cir. Apr. 4, 2023); *Patel v. United States*, No. 21-CV-6553 (LTS), 2021 WL 4267498 (S.D.N.Y. Sept. 20, 2021). The Court also notes that Plaintiff has filed at least two other actions in this Court that have been dismissed at an early stage of proceedings, *Patel v. United Sates*, No. CV 23-7763-DSF (SK) and *Patel v. United States*, No. CV 23-6281-CBM (SK), the latter of which also resulted in a narrow filing-restriction order applicable to that case only.

In the Complaint, Plaintiff indicates that he is a citizen and resident of Indiana, Notre Dame is a citizen of Indiana, and his factual allegations all appear to relate to his seeking readmission to the university's law school after he was charged with pointing a gun at someone, "Google Searches" conducted in Indiana, and various violations of Indiana law and other authorities. (Docket No. 1 at 1, 12-22). Because the bulk of the alleged events involve parties and events that occurred outside of this District, venue is not proper in this Court under Section 1391(b)(2). Plaintiff's lack of success in the Indiana state and federal courts, and the Seventh Circuit, does not create venue here. *See*, *e.g.*, *Patel*, 2023 WL 2387220, at *1 (cataloging the extensive filing history after "Patel launched dozens of meritless lawsuits against Notre Dame").

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Considering Plaintiff has pursued many actions unsuccessfully in Indiana, this Court declines to transfer the action and instead it is DISMISSED without prejudice. *See* 28 U.S.C. § 1406(a); *Horswell v. Minnesota*, 2019 WL 3416660, at *2 (D. Haw. July 29, 2019) (where venue is clearly wrong because defendant did not reside, and none of the events took place, in the filing district, and considering the result of plaintiff's prior proceedings in the proper district, action may be dismissed without prejudice instead of transferring).

In light of this dismissal, Plaintiff's request to proceed *in forma pauperis* is DENIED, and all other pending matters are TERMINATED.